UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH L. PIPER,<br><br>               Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>               Defendant. | Case No. 1:18-cv-01533-JDP<br><br>ORDER ON SOCIAL SECURITY APPEAL |

Claimant has requested judicial review of the Social Security Administration's ("SSA") denial of his application for a period of disability and disability insurance benefits.[1] At a hearing on October 22, 2019, I heard argument from the parties. Having considered the arguments made at the hearing, and having reviewed the record, administrative transcript, briefs of the parties, and applicable law, I affirm the decision of the SSA's Administrative Law Judge ("ALJ").

On appeal, I ask only whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the proper legal standards. 42 U.S.C. § 405(g). I will uphold the ALJ's decision if it is rational, even if there is another rational interpretation of the evidence; I may not substitute my judgment for that of the Commissioner. *Id*.

Claimant seeks remand, arguing that the ALJ erred at step two of the five-step disability-determination process in finding that her alleged transverse myelitis—an "inflammation of both sides of one section of the spinal cord," ECF No. 15 at 8—was not a medically determinable

---

[1] *See* AR 15 ("After careful consideration of all of the evidence, the undersigned concludes the claimant has not been under a disability within the meaning of the Social Security Act from December 3, 2012, through the date of this decision.").

1

impairment.[2] I see no error, even though the step-two inquiry has been described as a "screening device to dispose of groundless claims." *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001), *as amended on reh'g* (Aug. 9, 2001) (internal citations and quotation marks omitted). The ALJ considered claimant's allegations that she suffers from transverse myelitis, but ultimately concluded that the diagnosis was unconfirmed. In reaching this conclusion, the ALJ gave "great weight" to the opinion of Dr. Nossa W. Maya, whose views the ALJ found to be "well-supported by the objective medical evidence." AR 27. The ALJ cited Dr. Maya's opinion that "claimant's alleged diagnosis of transverse myelitis was not an individual diagnosis but [was] incorporated in the diagnosis [of] sacroiliitis." *Id.* Although other doctors diagnosed transverse myelitis as a standalone condition, I see no error in the ALJ's apparent acceptance of Dr. Maya's approach, since Dr. Maya appears to have found the condition that other doctors called transverse myelitis to be subsumed in another diagnosis.

Even if the ALJ erred in not recognizing claimant's alleged transverse myelitis as an independent medically determinable impairment, any such error would be harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (finding harmless error where the ALJ (1) erred in not recognizing bursitis as a severe impairment at step two but (2) considered the limitations imposed by bursitis at step four). As is suggested by the ALJ's summary of Dr. Maya's views—quoted above—the ALJ carried forward in her analysis the functional limitations alleged by claimant to be associated with transverse myelitis, including limitations associated with balance, coordination, and the need for bathroom access. Indeed, the ALJ went beyond the limitations that would have been directly supported by Dr. Maya's findings: Dr. Maya recognized no "diagnostic tests or confirmed diagnosis" supporting functional capacity limits associated with claimant's balance and coordination, and identified no support for claimant's alleged need for rapid bathroom access—yet the ALJ included in her residual functional capacity ("RFC") determination limits on exposure to uneven ground, unprotected heights, and hazardous

---

[2] The regulations provide for SSA to determine first whether a claimant has an impairment and subsequently to evaluate whether that impairment is "severe." *See* 20 C.F.R. § 404.1521. Claimant focuses on the first part of the inquiry—SSA's determination of the existence of an impairment. The ALJ's opinion did not explicitly distinguish between these discrete inquiries.

2

machinery; and recognized claimant's need for "ready access to the bathroom." AR 27, 22. Claimant's brief does not argue otherwise; it is confined to challenging the ALJ's analysis at step two.

In sum, the ALJ's decision is supported by substantial evidence and claimant has identified no reversible error in the ALJ's analysis. For the reasons stated in this order and on the record at oral argument, I deny claimant's appeal from the administrative decision of the Commissioner of Social Security. The clerk of court is directed (1) to enter judgment in favor of defendant and against claimant Deborah L. Piper and (2) to close this case.

IT IS SO ORDERED.

Dated:   October 29, 2019                              _____
                                                        UNITED STATES MAGISTRATE JUDGE

No. 200.